IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANTHONY G. SMALLS,

    Petitioner,

vs.

UNITED STATES PAROLE COMMISSION
and JOSE M. VAZQUEZ, Warden,

    Respondents.

CIVIL ACTION NO.: CV205-032

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Anthony Smalls ("Smalls"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. Respondent filed a Response, and Petitioner has filed a Traverse. For the reasons which follow, Smalls' petition should be **DENIED**.

## STATEMENT OF THE CASE

Smalls was convicted in the Superior Court of the District of Columbia for the offense of involuntary manslaughter. On November 18, 1996, Smalls was sentenced to a term of 9 years, 3 months to 28 years for this offense. Smalls received an initial parole hearing on December 20, 2004. After reviewing Smalls' records, the hearing examiner recommended that Smalls be continued to a three year reconsideration hearing in 2007. (Resp., p. 2.) The Executive Hearing Examiner disagreed with this recommendation and recommended that a

rehearing be scheduled in five years since Smalls' offense involved the death of the victim. The Parole Commission agreed with the Executive Hearing Examiner, and Smalls was notified of this decision by Notice of Action letter dated January 12, 2005. (Id.) Smalls was continued for a five year reconsideration hearing in December 2009.

In the instant petition, Smalls contends that he meets the requirements for "superior program achievement" under the Code of Federal Regulations ("C.F.R."). (Pet., p. 5.) Smalls asserts that he is entitled to a 34-month reduction of his sentence based on his program achievements. Smalls alleges that the Parole Commission's determination that he should have a reconsideration hearing in 2009 should be reversed and that he should have a new reconsideration hearing or presumptive parole date. (Pet., p. 9.)

Respondents assert that the Parole Commission's decision to decline awarding Smalls a reduction in the parole guidelines for superior program achievement was within its discretion. Respondents also assert that it is not the role of the courts to review the Commission's discretion used in reaching parole decisions.

## DISCUSSION AND CITATION TO AUTHORITY

"The [Parole] Commission shall assess whether the prisoner has demonstrated ordinary or superior achievement in the area of prison programs, industries, or work assignments while under confinement for the current offense. Superior program achievement means program achievement that is beyond the level that the prisoner might ordinarily be expected to accomplish." 28 C.F.R. § 2.80(e)(1). Inmates demonstrating "superior program achievement" in educational, vocational, industrial, or counseling programs "may be considered for a limited advancement of" his "presumptive [release] date." 28 C.F.R. §§ 2.60(a)-(c). The use of the

2

word "may" "clearly contemplates a discretionary act" on the part of the Parole Commission. Pride v. Herrera, 28 Fed. Appx. 891, 895 (10th Cir. 2001).

Smalls has not come forth with any evidence that he has attained "superior program achievement." His completion of numerous programs during his time of incarceration does not demonstrate that his achievement in these various programs was "beyond the level that the prisoner might ordinarily be expected to accomplish." 28 C.F.R. § 2.80(e)(1). Even assuming that Smalls had attained superior program achievement in these various programs, it would still be within the Parole Commission's discretion to advance his presumptive release date. Smalls is not entitled to his requested relief on this ground.

In addition, "[i]f the prisoner's current offense behavior resulted in the death of a victim . . ., the Commission may schedule a reconsideration hearing at a date up to five years from the month of the last hearing[.]" 28 C.F.R. § 2.75(a)(1)(v)(2)(I). Smalls was convicted of involuntary manslaughter, an offense which resulted in the death of a victim. The Parole Commission acted within its discretion in determining that Smalls' reconsideration hearing will be held in December 2009, which is five years after he received an initial hearing in December 2004. Likewise, Smalls is not entitled to his requested relief on this ground.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Smalls' petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 27th day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3